KIRTLAND *et al. v.* PURDY UNIVERSITY.

1. CHANCERY PLEADINGS AND PRACTICE. *Bill of review. Fraud and damage.* Four years after the land of a private corporation had been sold under proceedings in chancery by its creditors for the payment of their debts, and the confirmation of the sale, some of the stockholders filed a petition asking, upon the facts stated, that they be permitted to show that the decree was erroneous, the corporation not indebted in the sum alleged in the bill, and that, upon final hearing, a decree be rendered according to the facts, and this court was of opinion that the petitioners ought to be allowed to contest the proceedings under which the sale was had, and remanded the cause for answer and further proceedings. The petitioners will not be entitled to interfere with the rights acquired under the original proceedings, if, after the remand, they fail to successfully contest the validity of the debt sued on, to show damage to the corporation, or fraud on the part of the creditors.

2. CORPORATION, EDUCATIONAL. *Creditors entitled to subject real estate. When.* The creditors of a private corporation for educational purposes, owned by individual stockholders, are entitled to subject to satisfaction of their debts land bought by the corporation and conveyed to its trustees and to their successors forever for the use of the corporation, " to have and to hold to said trustees and their successors forever for the use and benefit of said corporation, but for no other use."

FROM M'NAIRY.

Appeal from the Chancery Court at Purdy. G. H. NIXON, Ch.

J. F. McKINNEY and CAMPBELL & JACKSON for complainants.

J. F. HUDDLESTON for defendants.

Kirtland *v.* Purdy University.

COOPER, J., delivered the opinion of the court.

On the 9th of October, 1867, the original bill was filed in this cause by the complainants as creditors of the Purdy University, a corporation created by the Legislature of this State in 1856, to subject to the satisfaction of the complainants' demands the property of the corporation, consisting of a school building and the land on which it was situated, and some school furniture and apparatus. The subpœna was served upon one of the trustees, and a stockholder of the corporation, who was the lawyer by whom the complainants' bill was filed. He put in an answer admitting the facts to be as alleged, and at the return term of the wrlt, during the same month of October, a final decree was rendered in favor of the complainants, by which their debts were ascertained to amount to nearly six thousand dollars, and the property of the University ordered to be sold in satisfaction thereof. The property was sold under this decree, and bid off by the principal creditor, who had been the president of the University, at $1,500 for the realty and $500 for the personalty. This sale was confirmed on the 13th of October, 1868.

On the 5th of September, 1872, David McKenzie and others, claiming to be stockholders of the University, filed their petition in said cause, setting out the foregoing facts, charging that they had no notice of the proceedings, that the same were illegal, and the decree fraudulently procured, and asking "that they be permitted to show that the decree rendered is errone-

Kirtland *v.* Purdy University.

ous, that said corporation was not indebted to complainants in the sums alleged in their bill, and, upon final hearing, that a decree be rendered according to the facts." At the same term of the court, the chancellor, upon motion of the complainants, dismissed the petition. At the April term, 1873, a decree was rendered divesting title to the land and personalty sold out of the University and vesting it in the purchaser, and making a final disposition of the cause. From this decree the petitioners prayed an appeal to this court, which was granted. This court was of opinion that "upon the facts stated in the petition" the petitioners "ought to be allowed to contest the proceedings under which the sale was had," and reversed the decree, dismissing the petition, and remanded the cause "for answer and further proceedings."

After the remand, the petitioners filed a demurrer to the bill, which was overruled. They then filed " an answer in the nature of a cross-bill," and asked " that it be treated as an original bill in the nature of a bill of review." The prayer was, that the orders and decrees in the original cause be set aside, for an account, etc. An answer was put in to the cross-bill and proof taken. On final hearing, the chancellor was of opinion that his decree in the original cause had not been disturbed by this court, and could not be by an answer and cross-bill, and he, therefore, dismissed the cross-bill with costs, and the petitioners again appealed.

It appears from the allegations of the cross-bill, that the Purdy University was a private corporation,

with a capital stock of $5,000, in shares of $10 each, with power to increase the capital stock to meet the demands of the corporation. The original stock was subscribed by individuals, who elected a board of trustees, by whom land was bought and a building erected. The proof shows that the debts of the original complainants were *bona fide* obligations created by the board of trustees, and evidenced by the notes of the corporation, signed by the president and countersigned by the secretary. It is clear from the proof, that the proceedings sought to be impeached, although irregular and loose, were not tainted with fraud, but honestly conducted, with the knowledge of the larger stockholders and some of the petitioners, and that the property brought a fair price, and has since the sale been used for school purposes. The cross-bill has none of the requisites of a bill of review, and could be of no avail except as a bill to impeach the former decree for fraud. In this respect it fails for want of proof to establish fraud, and the irregularities, in the absence of fraud, and a valid defense, are not such as to render the proceedings void. This court meant by its decree to give the petitioners the opportunity, without an original bill or bill of review, to contest the alleged indebtedness of the corporation, and to show that the complainants were not entitled to the relief they had obtained. And if the debt had been successfully contested, or if actual damage to the University had been shown by reason of the course pursued, the complainants would be relieved. They have failed to make out the equity on which they relied, or any

damage, and are not, therefore, entitled to deprive the cemplainants of the legal advantage acquired by their proceedings. Unless there is something else in the case, the chancellor's decree is substantially correct.

It is suggested by the cross-bill, and in argument, that the land of the corporation was held by such a title that it could not be subjected to the payment of the debts of the corporation. But this is a mistake. The land was bought by the corporation with its own money, not donated. The conveyance is to certain persons named, " trustees of Purdy University and to their successors forever for the use of said University." The *habendum* is " to have and to hold to said trustees and their successors forever for the use and benfit of said University, but for no other use." It is common learning that the *habendum* of a deed cannot abridge the estate given in the premises: Co. Lit., 299 *a; Hafner* v. *Irwin,* 4 D. & B., 435. The words, moreover, do not create a condition, or provide for a divestiture of title by a failure to use in a particular mode: *Ramsey* v. *E. & Ky. R. Co.* 3 Tenn. Ch., 175, affirmed by this court. The land could be sold by the corporation, and divided among the stockholders: *State* v. *Elliston,* 4 Baxt., 99. And a conveyance for the exclusive use of a school or charity does not affect the power of disposition: *Franklin* v. *Armfield,* 2 Sneed, 306, 354.

Affirm the decree with costs.